**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO.: 1:08 CR 478 |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| JOMO KENYATTA WILSON | ) | |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | |

This matter comes before the Court on Jomo Kenyatta Wilson ("Defendant's") Motion to Alter, Amend or Vacate Judgment and Motion for Additional Findings of Facts. (ECF #31.) Defendant's Motions come in response to this Court's Marginal Entry Order denying Defendant's previous Motion for Relief Pursuant to Civil Rule 60(a). (ECF #30.) In his motion for relief, Defendant alleged that this Court had erred in failing to set a specific schedule of restitution payments and in doing so allocated excessive authority to the Bureau of Prisons.

Rule 60(a) permits the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Here, however, there was no mistake in the judgment. The Mandatory Victims Restitution Act, 18 U.S.C. § 3664, does not require the district court to set a specific schedule of restitution payments. *See United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir.

2008).  In fact, the Bureau of Prisons has "ample authority" to determine such a payment schedule.  *Id.*  As the absence of a payment schedule in the judgment was not a mistake, Defendant's Motion to Alter, Amend or Vacate Judgment and his Motion for Additional Findings of Fact are DENIED.  (ECF #31.)  IT IS SO ORDERED.


       /s/Donald C. Nugent  
DONALD C. NUGENT  
United States District Judge

DATED:  July 23, 2012